UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re : | Chapter 11 Case No. |
| MAGNESIUM CORPORATION OF AMERICA, et al., : | 01 B 14312 (REG) |
| : | (Jointly Administered) |
| Debtors. : | |

### ORDER AUTHORIZING CHAPTER 11 TRUSTEE TO RETAIN BEUS GILBERT PLLC AS LITIGATION COUNSEL

Upon the Application dated September 15, 2003 (the "Application") of Lee E. Buchwald, as chapter 11 trustee in the above-captioned debtors (the "Trustee"), for an order pursuant to sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain the law firm of Beus Gilbert PLLC ("Beus Gilbert") as litigation counsel; as more fully set forth in the Application; and upon consideration of the Affidavit of Timothy J. Paris, Esq., a member of Beus Gilbert, sworn to on September 15, 2003 (the "Affidavit"); and the Court being satisfied that, based on the representation made in the Application and the Paris Affidavit that Beus Gilbert does not represent or hold an interest adverse to the Debtors or their estates respecting the matters upon which the firm is to be engaged, and is a disinterested person as that term is used in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the official committee of unsecured creditors, (iii) Beus Gilbert, and (iv) those parties entitled to notice pursuant to this Court's order August 8, 2002, establishing certain notice procedures in these cases; and no other or further notice need be provided; and no objections having been received to the relief requested herein; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Application and having heard the statements in support of the relief requested at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application ad at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that, pursuant to section 327(a) and 328(a) of the Bankruptcy Code, the Trustee's retention of Beus Gilbert as litigation counsel in accordance with the terms and conditions detailed in the "Legal Representation Agreement" annexed to the Application as Exhibit "A" and as set forth in the Paris Affidavit is approved; and it is further

**ORDERED** that Beus Gilbert shall be compensated in accordance with (i) the procedures set forth in sections 330 and 331 of the Bankruptcy Code, (ii) the applicable Federal Rules of Bankruptcy Procedure, (iii) the Local Bankruptcy Rules of the Bankruptcy Court for the Southern District of New York, (iv) the Administrative Orders Re: Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases issued by the Southern District of New York Bankruptcy Judges, (iv) the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330 and dated January 30, 1996, and (v) such procedures as may be fixed by order of this Court,; and it is further

**ORDERED** that the Application satisfies rule 9013-1(b) of the Local Bankruptcy Rules of the Bankruptcy Court for the Southern District of New York; and it is further

**ORDERED** that this Court shall retain jurisdiction respecting all matters arising from or relating to the implementation of this Order.

Dated: _____, 2003.
       New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE