UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| MAGNESIUM CORPORATION OF AMERICA, et al., | : | Case No. 01 B 14312 (REG) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

### ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO RETAIN BEUS GILBERT PLLC AS LITIGATION COUNSEL

Upon the application, dated September 15, 2003, of Lee E. Buchwald (the "Trustee"), as chapter 11 trustee in the above-captioned debtors (the "Debtors"), praying for authority under sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain Beus Gilbert PLLC as litigation counsel in the Debtor's chapter 11 cases and in adversary proceeding 03-6559 commenced by the Trustee against The Renco Group, Inc., et al. (the "Renco Group Litigation"); and upon the affidavit of Timothy J. Paris, Esq., a member of Beus Gilbert PLLC, sworn to on September 15, 2003 (the "Paris Affidavit"); and it appearing that the members and associates of Beus Gilbert PLLC are disinterested persons within the meaning of section 327(a) of the Bankruptcy Code; and it appearing that the Debtor's cases were converted to cases under chapter 7 of the Bankruptcy Code by order dated September 24, 2003; and thereafter Mr. Buchwald having been appointed chapter 7 trustee of the Debtors' estates; and the Court being satisfied that Beus Gilbert PLLC represents no interest adverse to the Debtors' estates or the estates' creditors in the matters upon which it is to be engaged, and the employment and retention of Beus Gilbert PLLC is necessary and would be in the best interest of the estates; and having heard all objections at a hearing conducted on October 27, 2003; and having determined that the legal and factual bases set forth in the application and at the hearing establish just cause

69125

for the relief granted herein, and after due deliberation and sufficient cause appearing; it is hereby

**ORDERED** that the Trustee's application to retain Beus Gilbert PLLC as litigation counsel in accordance with the terms and conditions detailed in the "Legal Representation Agreement" annexed to the application as Exhibit "A" (except as modified herein) is hereby granted; and it is further

**ORDERED** that, notwithstanding section 2.6 of the Legal Representation Agreement, any amounts recovered as a result of the Renco Group Litigation shall be paid directly to the Trustee; and it is further

**ORDERED** that, notwithstanding sections 2.2(a) and 2.2(b) of the Legal Representation Agreement, the retention of any consultants and/or experts to be retained by Beus Gilbert PLLC in connection with the Renco Group Litigation shall be subject to Bankruptcy Court approval; and it is further

**ORDERED** that, in its role as litigation counsel Beus Gilbert shall be principally responsible for prosecuting the Renco Group Litigation; and it is further

**ORDERED** that all compensation of Beus Gilbert PLLC shall be subject to approval of the Court pursuant to 11 U.S.C. §§ 330 and 331; and it is further

**ORDERED** that this Court shall retain jurisdiction respecting all matters arising from or relating to the implementation of this Order.

Dated: *October 31*, 2003
   New York, New York

                                          *S/ Robert E. Gerber*
                                          UNITED STATES BANKRUPTCY JUDGE