**BROWN RUDNICK LLP**
Jeffrey L. Jonas
Brian T. Rice
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

- and -

Seven Times Square
New York, New York 10036
(212) 209-4800

*Counsel to Jefferies LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MAGNESIUM CORPORATION OF AMERICA, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 01-14312 (MKV)<br><br>(Jointly Administered) |

**JEFFERIES LLC'S (I) REQUEST FOR ADJOURNMENT OF**
**SALE HEARING AND (II) RENEWED OBJECTION TO SALE MOTION**

Jefferies LLC (collectively, with those affiliated investment funds managed or advised by it, "Jefferies") hereby (i) requests an adjournment of the Sale Hearing, currently scheduled for August 23, 2016, and (ii) renews its objection to the *Motion of the Chapter 7 Trustee for (I) Order (A) Approving Bid Procedures for the Renco Litigation Interest, (B) Authorizing Trustee to Offer Certain Bid Protections and (C) Scheduling Final Sale Hearing and Approving Form and Manner of Notice Thereof, and (II) Order Authorizing and Approving the Sale of the Renco Litigation Interest Free and Clear of Liens and Other Interests to Successful Bidder at*

*Auction* [Docket No. 710] (the "Sale Motion").[1] As grounds therefor, Jefferies respectfully states as follows:

### REQUEST FOR ADJOURNMENT OF SALE HEARING

1. First, Jefferies requests that the Court adjourn the Sale Hearing, which is currently scheduled for August 23, 2016.

2. Simply put, the sole justification that the Trustee has proffered in support of selling the Renco Litigation Interest under the current expedited timeframe – the upcoming oral argument in the appeal pending before the Second Circuit – remains illusory. Upon information and belief, oral argument still has not been scheduled by the Second Circuit and, once it is, will likely be on a date several months in the future.

3. For this reason alone, adjournment of the Sale Hearing at this time is proper.

4. In addition, since the hearing to approve the Stalking Horse's Bid Protections, Jefferies has endeavored to organize with other significant holders of the Debtors' $150 million prepetition notes (likely the largest creditor class of these estates) to speak with a unified voice in discussions regarding a final resolution of these long-running cases. Jefferies and its counsel have spent significant time locating these "dormant" holders, educating them on recent developments, and engaging in substantial discussions regarding how to proceed going forward.

5. Although significant progress has been made to date, and it is anticipated that a majority of the holders of the notes will soon be organized and able to direct their trustee to

---

[1] Capitalized terms used but not defined herein have the meanings given them in the *Notice of Auction and Sale Hearing and Objection Deadline* [Docket No. 725].

Incorporated herein by reference is the *Objection of Jefferies LLC to the Motion of the Chapter 7 Trustee for (I) Order (A) Approving Bid Procedures for the Renco Litigation Interest, (B) Authorizing Trustee to Offer Certain Bid Protections and (C) Scheduling Final Sale Hearing and Approving Form and Manner of Notice Thereof, and (II) Order Authorizing and Approving the Sale of the Renco Litigation Interest Free and Clear of Liens and Other Interests to Successful Bidder at Auction* [Docket No. 716].

2

participate meaningfully in these cases, Jefferies believes that the progress made thus far will be materially disrupted (perhaps permanently) in the event that the Sale Hearing goes forward now.

6. For this additional reason, adjournment of the Sale Hearing at this time is proper.

## RENEWED OBJECTION TO SALE MOTION

7. <u>Second</u>, in the event that the Sale Hearing is not adjourned, Jefferies requests that the Court deny the Sale Motion.

8. Rather than the proverbial "melting ice cube," the Renco Litigation Interest is an appreciating asset in no need of liquidation. As the Court was told at the hearing to approve the Stalking Horse's Bid Procedures, the underlying litigation "is in the strongest position for [the Trustee] ever,"[2] a fact confirmed by the bidding and result at the Auction itself.

9. Thus, the current situation is not one in which "a sale . . . would prevent further, unnecessary losses," <u>In re Lehman Bros. Holdings, Inc.</u>, 445 B.R. 143, 180 (Bankr. S.D.N.Y. 2011), or in which "a good business opportunity presents itself that might soon disappear," <u>In re GSC, Inc.</u>, 453 B.R. 132, 166 (Bankr. S.D.N.Y. 2011), or in which there is "a material risk that . . . the patient will die on the operating table," <u>In re Bos. Generating, LLC</u>, 440 B.R. 302, 322 (Bankr. S.D.N.Y. 2010).

10. Instead, creditors would be harmed – not benefitted – if the Renco Litigation Interest is sold now, with valuable potential upside leaving these estates. <u>See, e.g.</u>, <u>In re Del. & Hudson Ry. Co.</u>, 124 B.R. 169, 176 (D. Del. 1991) (evaluating "whether the asset is decreasing or increasing in value"). Even under the "improved" bid from the Stalking Horse, a net $25 million is effectively being given away at the expense of creditors.[3]

---

[2]     <u>See</u> July 14, 2016 H'rg Tr. at 70:8 [Docket No. 728].

[3]     <u>See generally</u> *Notice of Auction Results and Terms of Successful Bid* [Docket No. 729].

3

11. On this ground, the Trustee cannot meet his burden of demonstrating that there is a "good business reason" to sell the Renco Litigation Interest now. Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983). Neither can the Trustee demonstrate that the Sale would further "the diverse interests of the debtor, creditors and equity holders, alike." Id.

12. Under Lionel, the Sale Motion must therefore be denied. See, e.g., In re Encore Healthcare Assocs., 312 B.R. 52, 57 (Bankr. E.D. Pa. 2004) (rejecting sale under Lionel that "would not create proceeds that would inure to the benefit of the unsecured creditors"); In re Crutcher Res. Corp., 72 B.R. 628, 633 (Bankr. N.D. Tex. 1987) (rejecting sale under Lionel that would provide "no return to any unsecured creditor").

## CONCLUSION

13. For the foregoing reasons, at this time the Sale Hearing ought to be adjourned. However, in the event that the Sale Hearing goes forward, the Sale Motion should be denied.

Dated: August 16, 2016

Respectfully submitted,

**BROWN RUDNICK LLP**

/s/ Jeffrey L. Jonas
Jeffrey L. Jonas
Brian T. Rice
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

- and -

Seven Times Square
New York, New York 10036
(212) 209-4800

*Counsel to Jefferies LLC*