**BROWN RUDNICK LLP**
Jeffrey L. Jonas
Brian T. Rice
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

- and -

Seven Times Square
New York, New York 10036
(212) 209-4800

*Counsel to the Ad Hoc Consortium of
Renco Metals, Inc. Noteholders*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MAGNESIUM CORPORATION OF AMERICA, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 01-14312 (MKV)<br><br>(Jointly Administered) |

**JOINDER OF THE AD HOC CONSORTIUM OF RENCO METALS, INC.
NOTEHOLDERS IN REQUEST TO ADJOURN SALE HEARING**

The Ad Hoc Consortium of Renco Metals, Inc. Noteholders (the "Consortium"[1]) hereby joins in *Jefferies LLC's (I) Request for Adjournment of Sale Hearing and (II) Renewed Objection to Sale Motion* [Docket No. 716] (the "Adjournment Request") and, in support thereof, respectfully states as follows:

1. The Court is aware, from the Adjournment Request, of the arguments that have been raised in favor of adjourning the Sale Hearing. Those will not be belabored here.

---

[1] Capitalized terms used but not defined herein have the meanings given them in the *Order (A) Approving Bidding Procedures for Renco Litigation Interest, (B) Approving Form of Sale Notice, (C) Authorizing the Trustee to Designate a Stalking Horse and to Provide Bid Protections, and (D) Setting a Date for the Final Sale Hearing* [Docket No. 724].

However, in the past week, material developments have occurred that the Consortium is compelled to bring to the Court's attention.

2. <u>First</u>, as detailed in the Renco Objection,[2] an improved bid from the Defendants has been received that, at a minimum, contains better economic terms than the AEM bid and provides a construct for the global resolution of these cases. Moving forward with the Sale Hearing now would close off a potential avenue to bring these proceedings to a near-term end, before the Defendants' bid has been fully explored by creditors or subjected to competitive bidding or other opportunities to improve its terms. This can only redound to the detriment of these estates.

3. <u>Second</u>, the Consortium has now been formally organized, representing more than half of the Debtors' notes and, in all likelihood, increasing in size in the coming days.[3] This group is now able to speak on behalf of the largest single creditor constituency of the Debtors – indeed, likely a majority of all claims eventually allowed in these cases – in discussions with the Trustee, the Defendants, and other interested parties regarding a value-maximizing end to these cases. This is a significant step forward, after years of minimal creditor participation in these proceedings.[4]

---

[2] <u>See</u> *Objection of the Renco Group, Inc. and Ira Leon Rennert to Chapter 7 Trustee's Motion for Order Authorizing and Approving the Sale of the Renco Litigation Interest Free and Clear of Liens and Other Interests to Successful Bidder at Auction* [Docket No. 732] (the "<u>Renco Objection</u>").

[3] <u>See</u> *Verified Statement of Brown Rudnick LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019*, filed contemporaneously herewith.

[4] Because the Consortium has only now been formed, the notes' indenture trustee has yet to receive any direction with respect to the Sale. Accordingly, it is wholly unexceptional – rather than "speak[ing] volumes" or being in any other way probative – that the indenture trustee has not objected to the Trustee's attempt to sell the Renco Litigation Interest. <u>See</u> *Omnibus Reply of Chapter 7 Trustee to Objections of the Renco Group, Inc. and Ira Leon Rennert and Jefferies LLC to Trustee's Motion for Order Authorizing and Approving Sale of the Renco Litigation Interest Free and Clear of Liens and Other Interests to Successful Bidder at Auction* [Docket No. 735] (the "<u>Trustee Reply</u>") ¶ 8.

2

4.    <u>Third</u>, because of these efforts, the Consortium is now able to represent to the Court that the holders of a majority of the notes ***strongly*** oppose the Trustee's attempt to monetize the Renco Litigation Interest, as well as the specific economics of AEM's bid. The supposed "hedge [of] the estates' downside exposure" that the Sale could provide would plainly benefit the Trustee and his retained professionals.[5] But the members of the Consortium and other noteholders – who have been waiting even longer than the Trustee and his counsel for payment and would be the parties effectively funding this "hedge" – would receive no benefit from a sale of the Renco Litigation Interest now. The opposition to the Sale of the newly formed Consortium strongly counsels in favor of, at a minimum, an adjournment of the hearing.[6]

5.    Meanwhile, there has been no change whatsoever with respect to the Trustee's stated justification for proceeding with the Sale on the current timeframe, as the Second Circuit (whose calendar is already scheduled through the middle of October) has still not set a date for oral argument in the Defendants' appeal. Accordingly, and especially in light of the evidenced interest in the Renco Litigation Interest of multiple bidders other than AEM, no prejudice to the Trustee or any other party in interest would follow from a brief adjournment of the Sale Hearing.[7]

---

[5]    Trustee Reply ¶ 7.

[6]    Because of the substantial economic incentives that consummation of the Sale present to the Trustee (<u>see, e.g.</u>, Renco Objection ¶¶ 58-64), should the Sale Hearing go forward (now or in the future), heightened scrutiny must be applied, to permit "the court [to] ensure that the trustee is making a decision that is not based on ***self-interest*** or self-dealing, and that the decision to sell is made on an informed basis, in good faith, and in the honest belief that the sale is in the estate's best interest." <u>In re Shipman</u>, 344 B.R. 493, 494 (Bankr. N.D. Va. 2006) (emphasis added); <u>see also</u> <u>Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated, Inc.)</u>, 147 B.R. 650, 656 (S.D.N.Y. 1992) (business-judgment rule inapplicable where "bad faith, ***self-interest***, or gross negligence" is present) (emphasis added).

[7]    Indeed, even under the Trustee's self-imposed timeline, the Sale need not be consummated until "the end of September, as provided in the Revised AEM Sale Agreement, which contemplates a closing the week of September 19 to 23." Trustee Reply ¶ 32.

3

6. However, if the Sale Hearing does move forward now – after more than 15 years, and over the opposition of the Debtors' largest creditor constituency – there is the very real risk that the momentum described above will be lost permanently, all before a larger resolution of these cases is given a meaningful opportunity to succeed. The Consortium submits that, in light of this obvious prejudice to creditors, a one-month adjournment of the Sale Hearing (or such other period as the Court deems appropriate) is more than justified.[8]

7. Consistent with the Court's Chambers' Rules, the undersigned has contacted counsel to all parties that appeared at the Sale Procedures Hearing on July 14. With the exception of the Trustee, no party has objected to an adjournment of the Sale Hearing.

WHEREFORE, and for the reasons set forth in the Adjournment Request, the Consortium respectfully requests that the Sale Hearing, currently scheduled for August 23, 2016, be adjourned.

Dated: August 22, 2016                    **BROWN RUDNICK LLP**

/s/ Jeffrey L. Jonas
Jeffrey L. Jonas
Brian T. Rice
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

- and -

Seven Times Square
New York, New York 10036
(212) 209-4800

*Counsel to the Ad Hoc Consortium of
Renco Metals, Inc. Noteholders*

---

[8] As prescribed by the Court's Chambers' Rules, the undersigned contacted the Courtroom Deputy and was informed that, at present, the Court's calendar would permit the Sale Hearing to be rescheduled for September 22, 2016 at 10:00 a.m.

4