**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MAGNESIUM CORPORATION OF AMERICA, *et al.*, | : | Case No. 01-14312 (MKV) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363, AND**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004**
**AND 9014 APPROVING SALE OF RENCO LITIGATION INTEREST**

Upon the motion dated June 23, 2016 (the "Motion")[1] of Lee E. Buchwald, Chapter 7 Trustee (the "Trustee"), by his attorneys, Stevens & Lee, P.C., under Sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for: (i) entry of an order (the "Sale Procedures Order") (a) approving bidding procedures (the "Bid Procedures") in connection with the sale of the Renco Litigation Interest, including receipt of qualifying bids, and scheduling an auction at which parties may overbid, (b) scheduling a final Sale Hearing (as defined below) to consider entry of the Sale Order (defined below), and (c) approving the form and manner of notice of the auction for the Renco Litigation Interest and the Sale Hearing, including the form and manner of service of the notice (the "Auction and Hearing Notice"), and (ii) entry of an order (the "Sale Order") authorizing and approving the sale of the Renco Litigation Interest free and clear of liens and other interests to the successful bidder at the Auction [Docket No. 710]; and on July 18, 2016, this Court having approved and entered the Sale Procedures Order [Docket No. 724]; and upon the Notice of Auction and Sale Hearing and

---

[1] Unless defined herein, all capitalized terms shall have the same meaning ascribed to them in the Motion.

Objection Deadline, filed and served by Trustee's counsel on July 19, 2016 [Docket No. 725]; and upon publication of the Notice of Auction and Sale Hearing and Objection Deadline in the Wall Street Journal on July 21, 2016 [Docket No. 727]; and upon the Auction of the Renco Litigation Interest being held on August 11, 2016; and upon the filing of the Trustee's Notice of Auction Results and Terms of Successful Bid, dated August 12, 2016 [Docket No. 729]; and due notice of the Motion and relief sought therein having been given to all parties entitled thereto, as evidenced by the affidavits of service and publication filed with the Court [Docket Nos. 711, 723, 726, 727, 730]; and upon Jefferies LLC's (I) Request for Adjournment of Sale Hearing and (II) Renewed Objection to Sale Motion (the "Jefferies Objection") [Docket No. 731]; and upon Objection of The Renco Group, Inc. and Ira Leon Rennert to Chapter 7 Trustee's Motion for Order Authorizing and Approving The Sale of The Renco Litigation Interest Free and Clear of Liens and Other Interests to Successful Bidder at Auction (the "Renco Objection") [Docket Nos. 732, 733]; and upon the Trustee's Supplemental Declaration and the Trustee's Reply to the Jefferies Objection and the Renco Objection [Docket Nos. 735, 736]; and upon Joinder of the Ad Hoc Consortium of Renco Metals, Inc. Noteholders in Request to Adjourn Sale Hearing ( the "Noteholders Ad Hoc Consortium Joinder") [Docket No. 740];  and upon Joinder of AEM to Trustees Omnibus Reply Regarding Sale of Renco Litigation [Docket No. 741]; and upon the record of the hearing held before the Court on August 23, 2016 (the "Sale Hearing"); and upon the pleadings, the testimony, the offer of proof, and the arguments of counsel; and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, CONCLUDED AND DETERMINED THAT:** [2]

1. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 157(b)(2)(A), (N) & (O). The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9008 and 9014. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Trustee has followed the procedures for giving of notice of the Motion, the Auction and the Sale Hearing as set forth in the July 18, 2016 Sale Procedures Order. Proper, timely and adequate notice of the Motion, the Auction and the Sale Hearing has been provided in accordance with Section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9008 and 9014, and the Sale Procedures Order, and no other or further notice of the Motion, the Sale Hearing or the entry of this Order is required.

3. On June 23, 2016, the Trustee, in his capacity as Chapter 7 trustee of the estates of Magnesium Corporation of America and Renco Metals, Inc. (together, the "Debtors"), filed the Motion seeking entry of an order (a) approving the Bid Procedures for the sale of the Renco Litigation Interest; (b) providing the Trustee the right to designate AEM SPV, LLC ("AEM") as Stalking Horse for the Renco Litigation Interest and, in the event of such designation, approving bid protections for the Stalking Horse, including a break-up fee and expense reimbursement; (c) approving the form and manner of the Sale Notice; and (d) scheduling the Sale Hearing to approve such sale (the "Sale") [Docket No. 710].

4. The Trustee has advanced sound and sufficient business justification and the sale of the Renco Litigation Interest reflects the Trustee's sound business judgment.

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

5. On July 18, 2016, this Court entered the Sale Procedures Order [Docket No. 724]. The Sale Procedures Order provided that, if the Trustee receives one or more Qualified Bids in addition to the Stalking Horse Bid, then the Trustee will conduct an auction for the sale of the Renco Litigation Interest (the "Auction").

6. As demonstrated by the Trustee's Supplemental Declaration and representations made on the record at the Sale Hearing, the Trustee's solicitation of Qualifying Bids was in accordance with the Bid Procedures and the Orders of this Court and was reasonable and proper.

7. Prior to the Bid Deadline, Brickell Key Investments, LP ("Brickell"), an affiliate of litigation funder Juridica Asset Management, submitted a Qualified Bid for the Renco Litigation Interest in the amount of $26.5 million.

8. No other Qualified Bids were submitted prior to the Bid Deadline.[3] On August 11, 2016 at 10:00 a.m. (prevailing Eastern Time), the Trustee conducted the Auction at the offices of his counsel, Stevens & Lee, P.C., 485 Madison Avenue, 20th Floor, New York, New York 10022. AEM and Brickell participated in the Auction.

9. The best bid at the Auction was submitted by AEM in the amount of $26.2 million, which also entailed a reduction in the amount of the Renco Litigation Consideration that is payable by the Debtors' estates to AEM from $53,750,000 to $50,000,000.[4] After the conclusion of the Auction, the Trustee and AEM entered into a revised sale agreement with respect to the Renco Litigation Interest (the "Sale Agreement"), a copy of which is annexed as Exhibit A to the Notice filed with the Court on August 12, 2016 [Docket No. 729].

---

[3] Prior to the Bid Deadline, Renco Group and an unidentified affiliate thereof submitted a proposal that the Trustee deemed was not a Qualified Bid.
[4] The interest beginning on the one (1) year anniversary of the date of the Closing was, however, increased from 10% per annum to 13% per annum.

10. Brickell submitted the Backup Bid in the amount of $27 million for the Renco Litigation Consideration in the amount of $50,000,000 (plus interest at 10% per annum beginning on the one (1) year anniversary of the date of the Closing).

11. Approval of the sale of the Renco Litigation Interest and consummation of the sale of the Renco Litigation Interest at this time are in the best interests of the Debtors, their creditors and respective estates. The Trustee has demonstrated good and sufficient business justification for the sale of the Renco Litigation Interest pursuant to Section 363(b) of the Bankruptcy Code.

12. The terms and conditions of the Sale Agreement are fair and reasonable.

13. The Sale Agreement represents the highest and best offer for the Renco Litigation Interest, the Purchase Price set forth therein is fair and reasonable and constitutes reasonably equivalent value under the Bankruptcy Code and New York law.

14. The Sale Agreement was negotiated, proposed and entered into by the parties without collusion, in good faith, and from arms' length bargaining positions. AEM is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby. Based upon the record, it appears that neither the Trustee nor AEM has engaged in any conduct that would cause or permit the Sale Agreement to be avoided under Section 363(n) of the Bankruptcy Code.

15. AEM will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in connection with the transactions contemplated by the Sale Agreement at any time after the entry of this Order, unless a stay pending appeal is in effect at the time of the closing.

16. The transfer of the Renco Litigation Interest pursuant to the Sale Agreement (a) will be a legal, valid and effective transfer of property of the Debtors' estates to AEM, and (b) will

vest AEM with all right, title and interest of the Trustee in and to the Renco Litigation Interest free and clear of all liens, claims, encumbrances and interests pursuant to Section 363(f) of the Bankruptcy Code, as and to the extent provided in the Sale Agreement.

17. The Trustee has all the power and authority necessary to fully perform under, consummate and implement the Sale Agreement together with all additional instruments and documents that may be necessary to implement the Sale Agreement, and to take all further action as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Agreement.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion be, and hereby is, granted in its entirety.

2. The Jefferies Objection, and the Noteholders Ad Hoc Consortium Joinder are overruled on the merits.

3. The Renco Objection is overruled on the merits.

4. The terms and conditions of the Sale Agreement are hereby approved in all respects pursuant to Section 363(b) of the Bankruptcy Code, and the Trustee and AEM are authorized and directed to immediately take such actions as are necessary to consummate and implement the Sale Agreement, subject to the requirements of Bankruptcy Rule 6004(h).

5. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is hereby authorized and empowered to execute, deliver, perform under, consummate, and implement the transaction contemplated by the Sale Agreement, together with such additional instruments and documents that may be reasonably necessary to implement the Sale Agreement, or as may be reasonably necessary to the performance of the obligations contemplated by the Sale Agreement.

6.  Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is hereby authorized and directed to pay the Renco Litigation Consideration from Net Proceeds to AEM pursuant to the terms of the Sale Agreement without further order of this Court.

7.  Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Renco Litigation Interest shall be transferred to AEM and upon the closing under the Sale Agreement shall be free and clear of any interest except the estates' rights under the Sale Agreement.

8.  Except as specifically provided for in the Sale Agreement, AEM is not assuming nor shall it in any way whatsoever be liable or responsible, as successor or otherwise, for any liabilities, debts or obligations of the Debtors or the Trustee, or any liabilities, debts or obligations in any way whatsoever relating to or arising from the Renco Litigation Interest, or relating to continuing conditions existing on or prior to consummation of the transaction contemplated by the Sale Agreement, which liabilities, debts and obligations are hereby extinguished insofar as they may give rise to successor or vicarious liability, without regard to whether the claimant asserting any such liabilities, debts or obligations has delivered to AEM a release thereof.

9.  Except as expressly provided under the Sale Agreement, no person or entity, including without limitation, any federal, state or local government agency, department or instrumentality, shall assert against AEM or its successors in interest any liability, debt or obligation relating to or arising from the Renco Litigation Interest or any liabilities calculable by reference to the Debtors or the Renco Litigation Interest, and all persons and entities are hereby permanently enjoined from asserting any such liabilities, debts or obligations against AEM.

10. As to the Sale Agreement and Renco Litigation Interest transferred thereby, this Order is and shall be binding upon and govern the acts of all entities including without

limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Renco Litigation Interest.

      11.  Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Sale Agreement.

      12.  This Court shall retain jurisdiction (i) to enforce and implement the terms and provisions of this Order, the Sale Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, (ii) to compel delivery of the Renco Litigation Interest to AEM, (iii) to compel delivery of the Purchase Price, (iv) to resolve any disputes arising under or related to the Sale Agreement, except as otherwise provided therein, (v) to interpret, implement and enforce the provisions of this Order, and (vi) to determine any disputes relating to or concerning the receipt, use, application or retention of the proceeds from the sale of the Renco Litigation Interest.

      13.  AEM is a purchaser in good faith of the Renco Litigation Interest and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

      14.  The terms and provisions of the Sale Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Trustee, the Debtors, their respective estates and creditors, AEM and its affiliates, successors

and assigns, any affected third parties and persons asserting a claim against or interest in the Debtors' estates.

15. In the event AEM fails to consummate the Sale, Brickell will be deemed to have the new prevailing bid, and the Trustee is authorized, without further order of this Court, to consummate the Sale with Brickell.

16. The Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

17. The failure specifically to include any particular provision of the Sale Agreement in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

18. The Trustee is hereby authorized and directed to take all actions reasonable and necessary to effectuate the terms of the Sale Agreement, the transactions contemplated thereunder and the provisions of this Order, all without the necessity of any further order of this Court.

19. All findings of the Court made on the record at the Sale Hearing are hereby incorporated in full by reference.

Dated: New York, New York
      August 24, 2016

    *s/ Mary Kay Vyskocil*
HONORABLE MARY KAY VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE