Hearing Date and Time: November 15, 2017 at 10:00 a.m.
Objection Deadline: November 8, 2017 at 4:00 p.m.

Bijan Amini
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
bamini@storchamini.com
jchubak@storchamini.com

*Attorneys for Applicant Beus Gilbert PLLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MAGNESIUM CORPORATION OF AMERICA*, et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 01-14312 (MKV)<br><br>(Jointly Administered) |

## SUMMARY SHEET

### FIRST AND FINAL APPLICATION OF BEUS GILBERT PLLC, LITIGATION COUNSEL TO CHAPTER 7 TRUSTEE, FOR REIMBURSEMENT OF EXPENSES

Total Compensation Requested by this Application: $0[1]

Total Expenses Requested by this Application: $2,162,250.50

Total Expenses Previously Requested by Applicant: $0

Expenses Paid to Applicant to Date: $0

This is a:     ___monthly     ___interim     _X_ final application

---

[1]    This application only covers expenses incurred by Beus Gilbert as litigation counsel to Lee E. Buchwald, as chapter 7 trustee, in the Renco Group Litigation (defined in the application). Beus Gilbert is not presently seeking the allowance or payment of compensation for services rendered as litigation counsel (*i.e.*, its contingent fee award), and intends to (and reserves the right to) apply for allowance and payment of such compensation at a later date.

Hearing Date and Time: November 15, 2017 at 10:00 a.m.
Objection Deadline: November 8, 2017 at 4:00 p.m.

Bijan Amini
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
bamini@storchamini.com
jchubak@storchamini.com

*Attorneys for Applicant Beus Gilbert PLLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MAGNESIUM CORPORATION OF AMERICA, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 01-14312 (MKV)<br><br>(Jointly Administered) |

**FIRST AND FINAL APPLICATION OF BEUS GILBERT PLLC, LITIGATION COUNSEL TO CHAPTER 7 TRUSTEE, FOR REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE:

Beus Gilbert PLLC ("Beus Gilbert"), litigation counsel to Lee E. Buchwald, as chapter 7 trustee (the "Trustee") for the estates of Magnesium Corporation of America ("MagCorp") and its parent, Renco Metals, Inc. ("Metals," and together with MagCorp, the "Debtors"), requests entry of an order directing the allowance and payment of expenses incurred by Beus Gilbert from July 30, 2003 through August 15, 2017 (the "Application Period") in connection with the Renco Group Litigation (defined below) in the amount of $2,162,250.50, and respectfully states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408-09. The statutory bases for the relief sought herein are Bankruptcy Code sections 328 and 330, Rule 2016, and Local Rule 2016-1.

## BACKGROUND

I. **BEUS GILBERT'S EMPLOYMENT PURSUANT TO SECTION 327 AND 328(a)**

2. These cases were originally commenced as voluntary chapter 11 cases on August 2, 2001 (the "Petition Date").

3. On March 7, 2003, on the motion of the United States Trustee, this Court entered an order directing the appointment of a chapter 11 trustee for the Debtors' estates [ECF No. 386].

4. On April 14, 2003, this Court entered an order appointing Mr. Buchwald chapter 11 trustee [ECF No. 400].

5. On September 24, 2003, on motion of Mr. Buchwald, this Court entered an order converting these cases to ones under chapter 7 [ECF No. 419], whereupon the United States Trustee appointed Mr. Buchwald chapter 7 trustee [ECF No. 421].

6. On September 15, 2003, Mr. Buchwald filed an application [ECF No. 417] to employ Beus Gilbert as litigation counsel pursuant to sections 327 and 328(a) of the Bankruptcy Code, on a contingency fee basis, on terms set forth in the Legal Representation Agreement between him and Beus Gilbert, dated September 10, 2003 and annexed to the application as Exhibit A [ECF No. 417-1], for the purpose of pursuing certain claims on behalf of the Debtors' estates (the "Renco Group Litigation") (described below).

7. On October 31, 2003, this Court entered an order [ECF No. 448] granting the application and authorizing the Trustee to employ Beus Gilbert as litigation counsel on terms set forth in the Legal Representation Agreement (except as modified by the order). The Court's order stated, *inter alia*, that Beus Gilbert's engagement as litigation counsel was approved "in accordance with the terms and conditions detailed in the 'Legal Representation Agreement' annexed to the Application as Exhibit 'A' (except as modified herein)."

8. By the Court-approved Legal Representation Agreement (Section 2.2), Beus Gilbert agreed to advance all expenses of the Renco Group Litigation (without interest), and further agreed to subordinate its right to reimbursement of expenses to payment of the Trustee's statutory commission and the fees and expenses of his other bankruptcy professionals (Section 2.2(c)).[1]

9. Beus Gilbert began working on the Renco Group Litigation before its engagement was even approved by this Court. Indeed, the initial complaint in the associated adversary proceeding (No. 03-6559) was filed July 31, 2003, to prevent the potential loss of the Trustee's claims on statute of limitations grounds. Beus Gilbert began incurring out-of-pocket expenses that month.

## II.    RENCO GROUP LITIGATION

10. Since 1993, MagCorp was a subsidiary of Metals, a holding company that is, or was, a wholly-owned subsidiary of nondebtor The Renco Group, Inc. ("Renco Group"), which in turn is beneficially owned by Ira Rennert ("Rennert").

11. Prior to July 5, 2002, when this Court approved the sale of substantially all of the Debtors' assets under Bankruptcy Code section 363(b)(1), MagCorp was engaged in the production of magnesium extracted from the brine of the Great Salt Lake in Utah. MagCorp's

---

[1] Specifically, Section 2.2(c) provides, in relevant part:

> Beus Gilbert acknowledges and agrees that it will not seek payment of its costs and expenses from the funds that Client is presently holding (the "Dedicated Funds") until Client has fully satisfied all of his commissions and all of the fees and expenses of Client's bankruptcy professionals from the Dedicated Funds. Notwithstanding the foregoing, to the extent client receives funds through the Litigation in excess of the Dedicated Funds, is able to pay his commissions and the fees and expenses of his bankruptcy professionals, and has remaining funds available, Client agrees to reimburse Counsel for expenses and costs previously advanced by Counsel.

3

operations were conducted at a facility adjacent to the shore of the lake. The facility was the largest magnesium producer in the United States.

12. Upon information and belief, MagCorp's operations gave rise to substantial environmental liabilities and were the subject of a long-running dispute with the Environmental Protection Agency (the "EPA"), particularly with respect to MagCorp's claimed entitlement to exemption from regulations adopted under Subtitle C of the Resource Conservation and Recovery Act.

13. In January 2001, the United States, acting at the EPA's request, commenced an action in which it sought injunctive relief and civil penalties against the Debtors, Renco Group, Rennert, and others for violations occurring over a period of at least five years preceding January 2000. The EPA complaint was predicated on, *inter alia*, the allegedly illegal treatment, storage, and disposal of hazardous wastes.

14. In 1996, Metals sold $150 million in principal amount of 11-½ percent senior notes due 2003. Rennert, Renco Group, and others acting in concert with them caused more than half of the proceeds of such notes to be conveyed to Renco Group in the form of dividends and the redemption of preferred stock previously issued by Metals, which was held by Renco Group.

15. In the Renco Group Litigation the Trustee contended such conveyances rendered the Debtors insolvent, even without giving effect to the Debtors' potential environmental liabilities. The Trustee alleged the prepetition conduct of Rennert, Renco Group, and other persons acting in concert with them and/or with entities controlled by them caused substantial harm to the Debtors and their creditors.

16. The Trustee filed his initial adversary complaint on July 31, 2003, as noted above.

17. After almost twelve years of litigation, and after withdrawal of the reference of the litigation by the District Court (No. 13-cv-7948), a jury trial commenced on February 2, 2015

before District Judge Allison J. Nathan. Following the trial's conclusion on February 27, 2015, the jury returned a verdict in the Trustee's favor, consisting of, *inter alia*, a $101 million damages award against Renco Group and a $16.2 million damages award against Rennert, representing 99% of the $118.4 million in damages the Trustee sought to recover.

18.     On March 16, 2015, District Judge Nathan issued a Memorandum & Order [ECF No. 342] awarding the Trustee prejudgment interest at the rate of 6% per annum, not compounded, from the Petition Date (*i.e.*, $82.7 million against Renco Group, and $13.3 million against Rennert).

19.     Judgment was entered on March 23, 2015 [ECF No. 389]. Although the judgment was subsequently twice amended [ECF Nos. 425, 438], the judgment, as amended, preserved the $101 million damages award against Renco and the associated $82.7 million prejudgment interest award, and the $16.2 million damages award against Rennert and the associated $13.3 million prejudgment interest award, thereby providing for an aggregate recovery of $183.7 million against Renco Group and $29.5 million against Rennert ($213.2 million total), in each case with post-judgment interest.

20.     The judgment debtors appealed, and the Trustee took a cross-appeal seeking review of the District Court's prejudgment interest determination.

21.     On September 18, 2015, the District Court approved a stipulation staying enforcement of the judgment until the Second Circuit issued its mandate, provided a supersedeas bond of over $237 million remained in full force and effect [ECF No. 435]. The bond remains pending.

22.     On July 18, 2016, this Court entered an order approving bidding procedures in connection with the Trustee's then-proposed sale of a portion of the judgment (as amended)

[ECF No. 724]. An order approving the sale was entered on August 24, 2016 [ECF No. 745], which sale generated proceeds of $26.2 million [ECF No. 729] (the "Judgment Sale").

23. On March 8, 2017, the Second Circuit affirmed the District Court judgment in all respects. *In re Magnesium Corp. of Am.*, 2017 WL 946729. The judgment debtors' petition for rehearing and rehearing *en banc* was denied on May 11, 2017. On August 11, 2017, the judgment debtors petitioned the Supreme Court for a writ of certiorari. Certiorari was denied on October 10, 2017. 2017 WL 3456824.

## RELIEF REQUESTED

24. By this application, Beus Gilbert seeks allowance and payment of expenses incurred by it in connection with the Renco Group Litigation from and after the commencement of the litigation in July 2003, until August 15, 2017. Annexed hereto as Exhibit 1 is a schedule summarizing expenses incurred for each of several cost billing categories, and on an overall basis. A detailed itemization of the subject expenses, by date or month incurred for nearly all cost billing categories,[2] is also annexed hereto as Exhibit 2. Expenses for which Beus Gilbert seeks reimbursement include:

- Document Expenses ($138,213.05): Beus Gilbert charged $.10/page for internal duplication in the Renco Group Litigation. To the extent duplication was performed by an outside service, Beus Gilbert seeks reimbursement of the amount Beus Gilbert was charged.

---

[2] Beus Gilbert is capable of producing reports with the underlying daily/monthly charges for cost billing charges not itemized on a daily or monthly basis, *i.e.*, document expenses (totaling $138,213.05), phone expenses (totaling $3,227.06), postage, FedEx, and UPS (totaling $17,749.76), various other expenses (primarily secretarial overtime) (totaling $13,477.55) and legal research (totaling $471,133.08). With the prior permission of the United States Trustee, Beus Gilbert instead provided date ranges during which components of the foregoing cost billing charges were incurred, with amounts incurred during said date ranges, to avoid rendering this cost application overly voluminous. Reports with daily/monthly charges for the foregoing cost billing charges shall be made available to all parties in interest on written request to Beus Gilbert, prior to the hearing on this application.

- Telephone ($3,227.06): Long distance calls and teleconference service charges are billed at actual cost.

- Legal Research ($471,133.08): Beus Gilbert's practice is to bill clients for legal and PACER research at cost. During the Application Period, Beus Gilbert subscribed to electronic legal research services provided by Westlaw and Lexis. Beus Gilbert's contract with both has been on a fixed fee basis, charged monthly. In light of the contracts' fixed fee terms, Beus Gilbert is required to perform a cost rationalization to ensure each client is fairly and accurately billed for legal research services used by Beus Gilbert on behalf of such client. Under this cost rationalization, Beus Gilbert bills each client for research charged to the client's billing and matter number based on rates for research set by Westlaw or Lexis, as applicable, and discounts that amount by fifteen percent.

- Court Reporter ($120,875.65): Transcription costs for hearings and depositions, which are expressly permitted under Section 2.2(a) of the Legal Representation Agreement, are billed at actual cost.

- Expert Witness ($1,118,343.03): Fees and expenses of expert witnesses, which are expressly permitted under Section 2.2(a)-(b) of the Legal Representation Agreement, are billed at actual cost.

- Travel ($203,421.75): Airfare, airport parking, train fare, ground transportation, lodging, meals, and incidentals are charged at actual cost.

- Secretarial Overtime ($10,739.54): Secretarial overtime charges incurred in connection with the preparation of the Joint Pretrial Order and a Second Joint Pretrial Order on shortened notice, shortly before trial, as directed by the District Court (less than $300 of the total secretarial overtime requested), or in January and February 2015, shortly before the commencement of trial and continuing through trial for the month of February, as to which the certification required pursuant to General Order M-447 ¶F.3 has been provided.

- Postage/FedEx/UPS ($17,749.76): Postage, FedEx, and UPS charges are billed at actual cost.

As set forth in Exhibits 1 and 2, Beus Gilbert incurred expenses totaling $2,162,250.50 during the Application Period.

25.    Beus Gilbert has not previously sought reimbursement of the foregoing expenses because, as noted above, Section 2.2(c) of its Legal Representation Agreement provides for the subordination of its right to reimbursement of expenses to the Trustee's statutory commission and the fees and expenses of his other bankruptcy professionals, and until the closing of the

7

Judgment Sale and denial of certiorari, the Debtors' estates did not have sufficient funds to pay the expenses sought herein, on top of those commissions, fees, and expenses entitled to priority under Section 2.2(c).

26. Beus Gilbert is not, at this time, seeking allowance and payment of its contingent fee award, and intends to (and reserves the right to) apply for allowance and payment of such fees at a later date.

27. The certification required by General Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases) is annexed hereto as Exhibit 3.

28. Beus Gilbert has not previously been reimbursed for expenses incurred by it in connection with the Renco Group Litigation.

## NOTICE

29. Beus Gilbert has served a copy of this application on the Trustee, United States Trustee, counsel to the ad hoc noteholders' committee, counsel to the indenture trustee, the Department of Justice on behalf of the EPA, counsel to Renco Group and Rennert, and all other parties listed on the Master Service List [ECF No. 24].

30. The Trustee and United States Trustee have advised Beus Gilbert that they do not object to this application.

WHEREFORE, Beus Gilbert respectfully requests an order directing the allowance and payment of expenses incurred by it in connection with the Renco Group Litigation in the amount of $2,162,250.50, and granting such other and further relief as this Court deems just and proper.

Dated: October 19, 2017
      New York, New York

STORCH AMINI PC

/s/ Jeffrey Chubak
Bijan Amini
Jeffrey Chubak
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
bamini@storchamini.com
jchubak@storchamini.com

*Attorneys for Applicant Beus Gilbert PLLC*