HEARING: November 15, 2017 (10:00 a.m.)
OBJECTIONS: November 9, 2017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
: Case No. 01-14312 (MKV)
In re :
: Chapter 7
MAGNESIUM CORPORATION OF :
AMERICA, *et al.,* : Jointly Administered
Debtors. :
:
----------------------------------------------------------- x

**STATEMENT OF NO OBJECTION BY THE UNITED STATES TRUSTEE
REGARDING APPLICATIONS FOR INTERIM AND FINAL AWARDS
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO:   THE HONORABLE MARY KAY VYSKOCIL,
    UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee, respectfully submits this statement concerning the following applications for allowance and payment of compensation and reimbursement of out-of-pocket expenses.

**The Applications**

| Applicant | Period(s) | Fees | Expenses |
|---|---|---|---|
| Stevens & Lee, P.C. (4th Interim) | Oct. 1, 2016 – Sept. 30, 2017 | $1,018,950.50 | $ 23,411.99 |
| Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. (Final) | Sept. 1, 2015 – Sept. 30, 2017 | $1,581,879.50 | $ 19,944.50 |
| Beus Gilbert, PLLC (Final Expenses) | July 30, 2003 – Aug. 15, 2017 | N.A. | $ 2,162,250.50 |
| Roux Associates, Inc. (1st Interim) | May 29, 2017 – Sept. 29, 2017 | $ 165,612.50 | $ 11,807.23 |

1

## Background

1. On August 2, 2001 ("Petition Date"), voluntary petitions were filed by Magnesium Corporation of America ("MagCorp") and Renco Metals, Inc. ("Metals", and together with MagCorp, the "Debtors") under Chapter 11 of the Bankruptcy Code. The Debtors remained in possession of their respective properties and management of their respective businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code until April 14, 2003.

2. The Debtors' cases are being jointly administered pursuant to an order entered on August 3, 2001. The cases, however, are not substantively consolidated.

3. On February 28, 2002, the Debtors filed their First Amended Joint Plan of Reorganization ("Plan") and accompanying disclosure statement ("Disclosure Statement"). Neither the Disclosure Statement nor the Plan was never confirmed. Rather, on June 24, 2002, substantially all of the Debtors assets were sold under Bankruptcy Code § 363 to U.S. Magnesium LLC, an affiliate of Ira Leon Rennert, Chairman and Chief Executive Officer of Metals and the Renco Group, Inc. ("Renco Group"), a non-debtor entity which owns Metals, the Debtor's parent.

4. On March 3, 2003, the Court (Hon. Judge Robert E. Gerber, presiding) entered an order directing the appointment of a chapter 11 trustee. Lee E. Buchwald ("Trustee") was appointed as chapter 11 trustee.

5. On September 24, 2003, the Debtors' chapter 11 cases were converted to chapter 7. The Trustee was appointed as interim trustee in the Debtors' liquidation cases and thereafter qualified as the permanent chapter 7 trustee.

**The Renco Group Litigation**

6. On July 31, 2003, the Trustee commenced an adversary proceeding against Renco Group and related entities. A.P. No. 03-6559 ("Renco Group Litigation").

7. The claims asserted in the Renco Group Litigation include counts based on fraudulent conveyance, aiding and abetting fraudulent conveyance, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligence/professional malpractice, breach of contract, negligent misrepresentation, conspiracy, corporate waste and mismanagement, unjust enrichment, and declaration of receipt of unlawful dividends, and wrongful redemption of stock in violation of Delaware law, among others.

8. After Judge Gerber ruled on summary judgment motions in the Renco Group Litigation, the district court's reference of the matter was withdrawn in December 2013. *Buchwald v. The Renco Group, Inc., et al.,* No. 13-cv-07948 (AJN).

9. After nearly twelve years of litigation, a jury trial began on February 2, 2015 before District Judge Alison J. Nathan. The trial concluded on February 27, 2015, at which time the jury returned a verdict in favor of the Trustee in the aggregate amount of $118,220,000, consisting of (a) an award of damages of the Renco Group in the amount of $101,000,000, (b) an award of damages against Mr. Rennert and the trustees of trusts established by Mr. Rennert ("Rennert Trusts"), jointly and severally, in the amount of $16,220,000, and (c) an additional award of $1,000,000 in punitive damages against Renco Group. The jury did not impose any liability on the other defendants.

10. At the request of District Judge Nathan, the parties then briefed issues concerning prejudgment interest. On March 16, 2015, the district court issued its Memorandum & Order determining that prejudgment interest would be applied at the rate of 6% per annum, not compounded, and commencing on August 2, 2001 (*i.e.*, the Petition Date),

and judgment was entered.

11. On March 23, 2015, after calculating interest on the jury awards, the Clerk entered a judgment in the aggregate amount of $214,199,093.70 in favor of the Trustee, as follows: (a) against Renco Group in the amount of $186,698,246.58, and (b) against Mr. Rennert and the Rennert Trusts, jointly and severally, in the amount of $29,500,847.12. .

12. The Clerk entered an amended judgment on August 24, 2015 ("Amended Judgment") that left the original judgment intact, except for the Court's elimination of punitive damages, removal of liability from the trustees of the Rennert Trusts, and imposition of post-judgment interest.

13. On September 18, 2015, the district court approved a stipulation staying the Trustee from executing or otherwise enforcing the Amended Judgment, and on September 23, 2015, a technical amendment was made to the Amended Judgment.

14. In October of 2015, the defendants appealed the Amended Judgment to the Court of Appeals for the Second Circuit, and the Trustee cross-appealed the Amended Judgment with respect to the calculation of prejudgment interest. The Second Circuit affirmed the Amended Judgment in its entirety on March 8, 2017.

15. Following the entry of the Amended Judgment, the defendants posted a *supersedeas* bond in the amount of $237,762,000.

16. The defendants also sought a rehearing or rehearing en banc from the Second Circuit, but their petition was denied on May 11, 2017. On May 18, the Second Circuit granted a stay of its mandate pending the defendants' filing of a petition for certiorari to the Supreme Court.

17. The defendants filed their petition for certiorari on August 9, 2017. On October 10, however, the Supreme Court denied certiorari. The Second Circuit issued its mandate two days later.

18. The Office of the United States Trustee has been advised that the Trustee expects to receive full, imminent payment of the judgment.

### The Trustee's Sale of Interest in the Renco Group Litigation Proceeds

19. In 2016, the Trustee structured a sale of an interest in net recoveries from the proceeds of the Amended Judgment in the Renco Group Litigation, initiated a private sale process, and negotiated with multiple litigation funders. Ultimately, on June 23, 2016, a motion for approval of a stalking horse bid was filed.

20. The Trustee obtained Court approval of an agreement whereby he sold an interest in the potential litigation recoveries to Gretchen Keller for $26.2 million. On September 8, 2016, the sale closed and the Trustee received $26.2 million at closing. The Office of the United States trustee has been advised that, with the exception of amounts paid later to the Trustee's professionals pursuant to Court order, and other administrative disbursements, these funds remain in the estates.

### Stevens & Lee, P.C.

21. Stevens & Lee, P.C. ("S&L"), counsel to Trustee seeks a fourth interim fee award and reimbursement of expenses for the period October 1, 2016, through September 30, 2017, for a total of $1,018,950.50 in fees and $23,411.99 in reimbursement of expenses.

22. In discussions with the Office of the United States Trustee, the firm has agreed to a holdback of payment of 20 percent of the fees requested (*i.e.*, $203,790.10). As so held back, the United States Trustee has no objection to the award of fees requested by S&L.

23.     S&L also has agreed to reduce its expense request by $1,250. As so reduced, the United States Trustee has no objection to the expense reimbursement requested by S&L

### Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

24.     Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C., special litigation counsel to the Trustee, seeks a final fee award and reimbursement of expenses for the period September 1, 2015 through September 30, 2017, for a total of $1,581,879.50 in fees (consisting of a contingent component, an hourly component and the release of prior fee awards held back) and $13,616.46 in reimbursement of expenses. The United States Trustee has no objection to the award of fees and reimbursement of expenses in the amounts requested by Kellogg Hansen.

### Beus Gilbert PLLC

25.     Beus Gilbert, PLLC, special trial counsel to the Trustee, seeks a final reimbursement of expenses in the amount of $2,162,250.50. The United States Trustee has reviewed this application and discussed it with the firm's representatives. Based on those talks and on the Application, the United States Trustee has no objection to the reimbursement of expenses in the amounts requested by Beus Gilbert.

### Roux Associates, Inc.

26.     Roux Associates, Inc., environmental claims consultant to the Trustee, seeks a first interim fee award and reimbursement of expenses for the period May 29, 2017 through September 29, 2017, for a total of $165,612.50 in fees and $11,807.23 in reimbursement of expenses.

27.     The firm has agreed to a holdback of payment of 20 percent of the fees sought (*i.e.*, $33,122.50). As so held back, the United States Trustee has no objection to the award of fees and reimbursement of expenses in the amounts requested by Roux Associates.

**STATEMENT**

Pursuant to Section 331 of the Bankruptcy Code, trustees and other professionals in Chapter 7 cases are permitted to file applications for interim fee awards. U.S. Trustee v. Fishback (In re Glados, Inc.), 83 F.3d 1360, 1367 (11th Cir. 1996). Interim fee awards, pursuant to Section 331 of the Bankruptcy Code, are discretionary and are subject to reexamination and adjustment during the course of the case. In re Spanjer Brothers, Inc., 191 B.R. 738, 747 (Bankr.N.D. Ill. 1996) (citing In re Jensen-Farley Pictures, Inc., 47 B.R. 557 (Bankr. D. Utah 1985)). The burden of demonstrating the reasonableness of the fees and expenses sought rests with the party seeking reimbursement for fees and expenses. In re Sounds Distributing Corp., 122 B.R. 952, 956 (Bankr. W.D. Pa. 1991).

Some factors to be considered by the Court in determining the appropriateness of an interim fee award include the current availability of funds, the existence of other accrued administrative obligations of the same or higher priority that may deplete the funds, the continuing need for funds to pay necessary expenses in the future, and the inability to file a final fee application in the near future. In re Caren Kohl, 421 B.R. 115, 129 (Bankr. S.D.N.Y. 2009) (citing In re Commercial Consortium of California, 135 B.R. 120, 124–25 (Bankr. C.D. Cal. 1991)).

The Office of the United States Trustee has discussed the status of the case and the Applications with the Trustee and his counsel, reviewed several of the pleadings filed and rulings issued by the District Court, the Second Circuit and the Supreme Court, and assessed the status of the bankruptcy estates.

**WHEREFORE**, the United States Trustee respectfully requests that the Court grant the Applications, subject to the 20 percent holdbacks and reductions noted above, and grant such relief as the Court deems just and proper.

Dated:   New York, New York
         October 30, 2017                          Respectfully submitted,

                                                   WILLIAM K. HARRINGTON
                                                   UNITED STATES TRUSTEE

                                       **By:**    *Andrew D. Velez-Rivera*
                                                   Trial Attorney
                                                   201 Varick Street – Room 1006
                                                   New York, New York 10014
                                                   Tel: (212) 510-0500