Hearing Date and Time: November 15, 2017 at 10:00 a.m.

Bijan Amini
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
bamini@storchamini.com
jchubak@storchamini.com

*Attorneys for Applicant Beus Gilbert PLLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MAGNESIUM CORPORATION OF AMERICA, *et al.*,<br><br>Debtors. | Chapter 7 Case No. 01-14312-mkv<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 893, 911** |

**BEUS GILBERT PLLC'S RESPONSE TO AD HOC
NOTEHOLDER CONSORTIUM'S RESERVATION OF RIGHTS**

Beus Gilbert PLLC ("Beus Gilbert") responds to the late-filed[1] Reservation of Rights of the Ad Hoc Noteholder Consortium ("Ad Hoc Group"), filed November 9, 2017 [ECF No. 911], as follows:

1.  The Ad Hoc Group does not identify any particular cost for which reimbursement is sought in Beus Gilbert's final application for reimbursement of expenses, filed October 19, 2017 [ECF No. 893], that it deems objectionable. Instead, the Ad Hoc Group states it is "unable to take a position" on whether Beus Gilbert carried its burden on its cost application, because most of the proceeds of the judgment it procured are projected to be paid to estate professionals, lenders, and the Trustee. (Res. of Rights ¶¶4, 7.) The Ad Hoc Group therefore "reserves all rights it may have … to subsequently challenge any payment [to Beus Gilbert] in connection

---

[1] The objection deadline was November 8, 2017, pursuant to Local Bankruptcy Rule 9006-1(b).

with [its cost application] by seeking an appropriate reduction of [its contingent fee award]." (*Id*. ¶7.)[2]

2. By not taking a position, and acknowledging that the amount sought in the cost application is "a very small portion of the approximately $127.7 million" projected to be paid to estate professionals, lenders, and the Trustee from proceeds of the judgment (*id*. ¶5), the Ad Hoc Group is necessarily not objecting to the cost application.

3. Beus Gilbert nevertheless wishes to address, for the record, the Ad Hoc Group's stated position on Beus Gilbert's yet-to-be-filed fee application.

4. According to the Ad Hoc Group, in evaluating Beus Gilbert's cost and fee applications, this Court must consider whether the services rendered yielded a real benefit to unsecured creditors, or "whether this is an instance of overreaching professionals draining these estates of wealth which by right should inure to the benefit of unsecured creditors." (*Id*. ¶6.) The Ad Hoc Group states that Beus Gilbert's anticipated fee application "would plainly fall in the 'overreaching' category" because the 41% contingent fee award provided in its Court-approved Legal Representation Agreement, dated September 10, 2003, is too rich.

5. This position must be rejected. The terms of Beus Gilbert's compensation were clearly preapproved by this Court, pursuant to Bankruptcy Code section 328(a). As this Court stated in its order, entered October 31, 2003 [ECF No. 448], granting the Trustee's application to employ Beus Gilbert, filed September 15, 2003 [ECF No. 417] ("<u>Employment Application</u>"), pursuant to Bankruptcy Code section 327 <u>and section 328(a)</u>, the "Trustee's application to retain

---

[2] The Ad Hoc Group also purports to reserve the right "to recover some or all of the amounts that may be paid" to Beus Gilbert after its cost application is granted, "in the event that ultimate unsecured-creditor recoveries show that the applicants' 'services provide[d] no real benefit to the estate.'" (Res. of Rights ¶7.) This relief is wholly inappropriate, insofar as it ignores that the cost application is a final (not interim) application.

2

Beus Gilbert PLLC in accordance with the terms and conditions detailed in the 'Legal Representation Agreement' annexed to the application as Exhibit 'A' (except as modified [by the Court] herein) is hereby granted."

6. Where, as here, a contingency fee has been preapproved, the Court may only modify it after-the-fact if it "proves to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms." 11 U.S.C. § 328(a); *see* 11 U.S.C. § 330(a)(1) (permitting award of "reasonable compensation," "subject to section 328"); *In re Smart World Techs., LLC*, 552 F.3d 228, 232 (2d Cir. 2009) ("where the court pre-approves the terms and conditions of the retention under Section 328(a), its power to amend those terms is severely constrained"); *In re Relativity Fashion*, No. 15-11989-mew, 2016 WL 8607005, at *2 (Bankr. S.D.N.Y. Dec. 16, 2016) ("Essentially, under Section 328(a), reasonableness is judged in advance, and the issue is not revisited except in the very narrow circumstances permitted by the statute").

7. The Ad Hoc Group does not argue that the terms of Beus Gilbert's compensation proved "improvident in light of developments not capable of being anticipated" in 2003. Instead, the Ad Hoc Group states that it is unhappy with its projected $85 million recovery, which would not exist but for Beus Gilbert's efforts. (Res. of Rights. ¶4.) Respectfully, that is not a basis for challenging a pre-approved contingency fee.

8. Moreover, the Ad Hoc Group's current position is surprising, given that it is a total about-face from its 2003 position. Then the Trustee represented that "unless Beus Gilbert can be retained according to the terms and conditions set forth herein [*i.e.*, in the Legal Representation Agreement], the subject litigation may have to be abandoned due to lack of estate funds," and that "[t]he Ad Hoc Committee of Renco noteholders, representing the holders of

3

approximately 60% of the outstanding $150 million of Senior Notes, <u>strongly supports the retention of Beus Gilbert</u> to represent the … Trustee <u>as described herein</u>." (Employment Application ¶¶28-29.)

9.  Moreover, the decisions relied on by the Ad Hoc Group are inapposite, as all involved negative adjustments to attorney hourly fee awards for non-compensable services, or to a Trustee's statutory commission.

10. Beus Gilbert intends to defend its entitlement to its contingent fee award on a more robust record in its final fee application, but at this time merely requests that this Court grant Beus Gilbert's cost application and such other and further relief as this Court deems just and proper.

Dated: November 10, 2017  
       New York, New York

STORCH AMINI PC

/s/ Jeffrey Chubak  
Bijan Amini  
Jeffrey Chubak  
140 East 45th Street, 25th Floor  
New York, New York 10017  
(212) 490-4100  
bamini@storchamini.com  
jchubak@storchamini.com  

*Attorneys for Applicant Beus Gilbert PLLC*