Hearing Date: January 11, 2018, at 10:00 a.m. (prevailing Eastern Time)

David S. Rosner (DRosner@kasowitz.com)
Adam L. Shiff (AShiff@kasowitz.com)
Shai Schmidt (SSchmidt@kasowitz.com)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800

*Attorneys for The Renco Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X
                                                                      :
In re:                                                                :    Chapter 7
                                                                      :
MAGNESIUM CORPORATION OF AMERICA, *et al.*,                           :    Case No. 01-14312 (MKV)
                                                                      :
                          Debtors.                                    :    (Jointly Administered)
                                                                      :
----------------------------------------------------------------------X

**RESPONSE OF THE RENCO GROUP, INC. TO THE FINAL
APPLICATION OF BEUS GILBERT PLLC, LITIGATION COUNSEL
TO CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION**

The Renco Group, Inc. ("Renco"), the sole shareholder and a creditor of Metals,[1] respectfully submits this response to the *Final Application of Beus Gilbert PLLC, Litigation Counsel to Chapter 7 Trustee, for Allowance of Compensation* [Docket No. 934] (the "Application") and in support thereof respectfully represents as follows:

**RESPONSE**

Beus Gilbert PLLC ("Beus") seeks the payment of $88,026,158.86, representing 41% of the gross amount recovered by the Trustee in the Renco Group Litigation (the "Proceeds").

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

Unquestionably, for the Court to consider the Application (and pass on its reasonableness), the Court must be in a position to determine whether the services for which compensation is sought provided a benefit to either Debtor's estate. If, for example, there are no, or *de minimis*, creditors to pay and the Proceeds therefore would benefit only Beus if the Application were to be granted, the Court should deny the Application on the basis of a lack of benefit to the estates. Here, there are serious unresolved questions about whether there are any meaningful claims against either estate, and therefore, whether there will be any meaningful distributions to unsecured creditors.

Accordingly, the Application is currently not ripe for consideration because those unresolved questions will determine whether – and to what degree – Beus' services have provided a benefit to either of the Debtors' estates by virtue of the Trustee's recovery of the Proceeds and their ultimate distribution.[2] In this regard, and among other things, the parties and perhaps the Court will need to address the following prior to any determination of the Application:

- As recently noted by the Trustee, the allocation of the Proceeds between the Debtors' estates has yet to be determined.[3] Because Metals likely has no creditors (other than Renco), or, if the Court determines that there are non-Renco creditors at Metals, each estate indisputably has separate creditors with different claims and in as of yet undetermined amounts, the Court cannot at this point determine whether or to what extent either estate benefitted from Beus' efforts, if at all, as a result of the Trustee's recovery of the Proceeds.

---

[2] The Application is subject to court approval under Section 330 of the Bankruptcy Code pursuant to the express, unambiguous terms of the Retention Order. In evaluating whether fees are reasonable under Section 330, courts weigh whether there exists "a perceived disproportionality between such fees and the monetary distribution available to creditors." *In re DeGroof*, Case No. 07-525, 2008 WL 4560088, at *4 (E.D.N.Y. Sept. 29, 2008); *see also In re Kohl*, 421 B.R. 115, 125 (Bankr. S.D.N.Y. 2009) ("The court may reduce or disallow a request if the services provide no real benefit to the estate."). Under any circumstances it appears that Beus' requested fee is disproportionate. But certainly until there are final determinations regarding the respective estates' entitlement to judgment proceeds, if any, and the existence and amount of creditors at each estate, if any, the Court respectfully cannot make a decision on reasonableness and disproportionality. By the same token, the Court's determination whether Beus' services have provided a benefit to either of the Debtors' estates is necessary for purposes of Section 328 of the Bankruptcy Code.

[3] *See* Thirtieth Interim Status Report of Chapter 7 Trustee at 28 [Dkt. No. 916]. Metals, which was the payor of the transfers addressed in the Renco Group Litigation, should be the recipient of the Proceeds and has virtually no creditors other than Renco itself.

- As further acknowledged by the Trustee, the allocation and amount, if any, of the material claims between the estates has yet to be resolved.[4]  For example, the claims asserted by the EPA – if there are any actual cognizable allowable claims – are only properly assertable against MagCorp and not Metals.  The EPA, however, has asserted claims against both Debtors.  Until this issue is resolved, it is likewise impossible to determine whether, and to what extent, Beus' services have benefitted either estate, if at all, as a result of the Trustee's recovery of the Proceeds.

- Renco's complaint seeking disallowance of approximately $170 million in note claims asserted against both estates is pending before the Court.[5]  Disallowance of the note claims, in whole or in part, would similarly affect the analysis of whether, and to what extent, either estate will stand to benefit from the Proceeds.

- The Court will also need to consider additional final fee applications in the future, including that of Stevens & Lee, P.C., counsel for the Trustee, in connection with the Application.  The consideration of such applications will necessitate a determination whether any of the Trustee's professionals have performed duplicative work for the Trustee.[6]  The consideration of all final fee applications should therefore be done concurrently.

To be clear, at this point Renco is not putting at issue Beus' services themselves (as to which Renco reserves its rights, *see* n.7 *infra*).  Rather, Renco objects to the Court's consideration of the Application at this time because professionals, like Beus, may only be compensated from an estate that they benefit and then only to the extent of such benefit.  No doubt there are Proceeds in a bank account at present.  However, neither the parties by agreement nor the Court by adjudication have determined what is to be done with the Proceeds.  There is not at this point a nexus between recovery of the Proceeds and any legally cognizable benefit to an estate.  It would be anomalous in the extreme for Beus to receive almost $90 million dollars for recovering funds that are not distributed at all, or in *de minimis* amounts, to creditors of the estates.  Accordingly, Renco respectfully and properly objects to consideration of the

---

[4]  *Id.* at 30.

[5]  Adv. Proc. 16-01073 (MKV).

[6]  *See* Reservation of Rights of The Renco Group, Inc. and Ira Leon Rennert Regarding Third Application of Stevens & Lee, P.C., Counsel to Chapter 7 Trustee, for Interim Allowance of Compensation [Dkt. No. 780].

3

Application at this time.

WHEREFORE, for the reasons set forth above and those to be addressed at argument, Renco respectfully requests that the Court (i) deny the Application without prejudice at this time, or, alternatively, defer consideration of the Application until all necessary predicate issues are resolved, and (ii) grant Renco such other and further relief as the Court may deem just and proper.[7]

Dated:  January 4, 2018
        New York, New York

        KASOWITZ BENSON TORRES LLP

        By: /s/ *David S. Rosner*
        David S. Rosner
        Adam L. Shiff
        Shai Schmidt
        1633 Broadway
        New York, New York 10019
        Telephone: (212) 506-1700
        Facsimile: (212) 506-1800

        *Attorneys for The Renco Group, Inc.*

---

[7] Renco reserves its right, if the Court denies the Application without prejudice or defers consideration thereof, to object to the Application or any other fee application filed by Beus related to the matters addressed in the Application on any basis.