**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| MAGNESIUM CORP. OF AMERICA, *et al.*, | Case No. 01-14312 (MKV) |
| Debtors. | Jointly Administered |

## ORDER APPROVING GLOBAL SETTLEMENT RELATING TO GOVERNMENT ENVIRONMENTAL CLAIMS, INDENTURE TRUSTEE CLAIMS, RENCO GROUP CLAIMS AND ESTATE ALLOCATION ISSUES

The Court having considered the Motion of the Chapter 7 Trustee, dated July 16, 2019, Pursuant to 11 U.S.C. §§ 105(a), 363(b) & 704(a) and Federal Rule of Bankruptcy Procedure 9019(a), for Entry of an Order Approving Global Settlement Relating to Government Environmental Claims, Indenture Trustee Claims, Renco Group Claims and issues concerning allocation of available cash between the estates of the two Debtors [Docket No. 1150] (the "**Motion**"),[1] as well as the Supporting Declarations and other evidence submitted in support thereof; and further having considered the Joinder of the United States in support of the Motion, requesting that the Court approve the Settlement Agreement, insofar as it resolves proofs of claim of the United States, as fair, reasonable, and consistent with environmental law [Docket No. 1162]; and it appearing that the Chapter 7 Trustee provided adequate notice of the Motion; and upon the record of the hearing held before this Court on August 22, 2019; and good cause appearing therefor, it is hereby

ORDERED that:

1.     The Motion is granted on the terms set forth herein.

---

[1] Capitalized terms used but not defined herein have the meanings given them in the Motion.

2.      Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Settlement, as memorialized in the Settlement Agreement attached as Exhibit A to the Motion, is approved in all respects.

3.      To the extent that the Settlement Agreement resolves proofs of claim of the United States, the Court approves it as fair, reasonable, and consistent with environmental law.

4.      The Settlement and all transactions contemplated by the Settlement, including the releases given therein, are a result of good faith arm's length negotiations, are in the best interests of the Debtors, the Debtors' estates, the Noteholders and other parties-in-interest, and are fair, equitable, and within the range of reasonableness.

5.      The notice of the Motion and the Settlement, and all transactions contemplated thereby, was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the Noteholders and other parties-in-interest on notice of the Motion and the Settlement, and all the transactions contemplated thereby.

6.      The parties to the Settlement Agreement are authorized, without further order of the Court, to consummate the transactions contemplated by the Settlement and to take such other and further action as may be reasonably necessary to effectuate the terms thereof.  The Chapter 7 Trustee is authorized to establish the US Magnesium Reimbursement Escrow on the Effective Date of the Settlement.

7.      Pursuant to Section 704(a) of the Bankruptcy Code, the Chapter 7 Trustee is authorized to make an initial distribution in the aggregate amount of $81,798,749 on the Effective Date of the Settlement as follows: (a) $28,659,602 to the United States (including full satisfaction of its Chapter 11 administrative expenses), (b) $40,526 to Utah, (c) $47,231,796 to the Indenture Trustee (for subsequent distribution in accordance with the terms of the Indenture), and (d)

$5,866,825 to the US Magnesium Reimbursement Escrow (the "US Magnesium Reimbursement Escrow Payment"). The US Magnesium Reimbursement Escrow Payment constitutes a final distribution on account of the Renco Group Claims. Notwithstanding any provision contained in the Settlement Agreement, the Chapter 7 Trustee need not make any further distributions to holders of allowed claims against the Debtors' estates which were entitled to Chapter 11 administrative priority and/or prepetition priority under Bankruptcy Code section 507, or to Trade Creditors, all of whose claims have already been fully satisfied by the final distributions the Chapter 7 Trustee made on June 28, 2019, pursuant to order dated June 13, 2019 [Docket No. 1142].

8.      Pursuant to Sections 105(a), 363(b) & 704(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019(a), after satisfaction of all Chapter 11 administrative priority and/or prepetition priority claims under Bankruptcy Code section 507 and the funding of the Chapter 7 Priority Claims Reserve, remaining cash in the Debtors' estates shall be allocated as follows for the initial distribution specified in the preceding paragraph: (a) 58% in favor of MagCorp, and (b) 42% in favor of Metals. In the event there is sufficient cash to fund a subsequent distribution to general unsecured creditors, consisting only of the Governments and the Indenture Trustee, any such cash shall be allocated as follows: (a) 60% to MagCorp, and (b) 40% to Renco Metals.

9.      Except as set forth in Section I(A)(3) of the Settlement Agreement, the claims of the Governments against Renco Metals shall be withdrawn in their entirety upon the Effective Date (and may not be refiled). Other than the Allowed Government Claims and as set forth in Section I(A)(3) of the Settlement Agreement, no claims asserted in the Government Proofs of Claim shall be allowed against the Debtors' estates, and all such Proofs of Claim (other than with respect to the Allowed Government Claims and except as set forth in Section I(A)(3) of the

Settlement Agreement) shall be deemed withdrawn and expunged upon the Effective Date (and may not be refiled).

10.     Other than the Allowed Indenture Trustee Claims, none of the Indenture Trustee Claims or any other claim of the Indenture Trustee or any Noteholder for monies owed under the Indenture shall be allowed against the Debtors' estates, all of which (other than the Allowed Indenture Trustee Claims) shall be deemed withdrawn and expunged upon the Effective Date (and may not be refiled).

11.     Other than the Allowed Renco Group Claims, no claims asserted in the Renco Group Claims or any other claim of any Renco Group Affiliate shall be allowed against the Debtors' estates, and all such claims (other than with respect to the Allowed Renco Group Claims) shall be deemed withdrawn and expunged upon the Effective Date (and may not be refiled). Notwithstanding the foregoing, (a) Renco Group will not receive any direct distribution from the Debtors on account of the Allowed Renco Group Claims, and all such distributions shall be deposited into the US Magnesium Reimbursement Escrow; and (b) after the initial distributions specified in Sections IV(A)(2)&(3) of the Settlement Agreement, the Allowed Renco Group Claims shall not share in any further distributions from the estate of either Debtor.

12.     The Court shall retain jurisdiction to resolve any disputes that may arise in connection with the Settlement Agreement, the US Magnesium Reimbursement Escrow Agreement attached as Exhibit B to the Settlement Agreement, and this Order.

Dated: New York, New York
      August 23, 2019               *s/ Mary Kay Vyskocil*
                                     Honorable Mary Kay Vyskocil
                                     United States Bankruptcy Judge